IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| RANDY KING, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:15-cv-385 (CAR) |
| v. | : | |
| | : | |
| DEBORAH LEE JAMES,[1] | : | |
| SECRETARY, DEPARTMENT OF | : | |
| THE AIR FORCE, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Randy King, proceeding *pro se*, filed this employment discrimination action contending his employer, the Department of the Air Force, failed to promote him based on his race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and based on his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et. seq.* ("ADEA"). Defendant has filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, contending Plaintiff's Complaint must be dismissed as untimely because he did not file his suit within 90 days of his receipt of his right-to-sue letter

---

[1] Under Federal Rule of Civil Procedure 25(d), current Secretary of the Air Force Deborah Lee James is automatically substituted for former Secretary of the Air Force Michael Donley.

1

from the Equal Employment Opportunity Commission ("EEOC"). After fully considering this matter, the Court agrees and **GRANTS** Defendant's Motion [Doc. 12].

## LEGAL STANDARD

In ruling on Defendant's Motion, the Court has considered evidence outside the Complaint. Thus, it is properly analyzed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[3] Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[4] When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion.[5]

The moving party "always bears the initial responsibility of informing the

---

[2] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[4] *See id.* at 249-52.
[5] *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[6] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[7] This evidence must consist of more than mere conclusory allegations or legal conclusions.[8] If the adverse party does not so respond, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[9]

## BACKGROUND

Defendant's Motion concerns only whether Plaintiff timely filed his Complaint within 90 days of his receipt of the EEOC's right-to-sue letter. Thus, the facts set forth below relate only to the timeliness of Plaintiff's Complaint. Those facts, taken in the light most favorable to Plaintiff as the nonmoving party, are as follows:

---

[6] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).
[7] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[8] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[9] Fed. R. Civ. P. 56(a).

3

On December 21, 2009, Plaintiff filed a formal complaint with the EEOC against Defendant for race, gender, and age discrimination after Defendant failed to select him for a promotion.[10] On November 15, 2011, the EEOC Administrative Judge entered a decision finding that Defendant did not discriminate against Plaintiff.[11] Thereafter, the Appellate Review Office reviewed the Administrative Judge's decision and issued its Final Order upholding the Administrative Judge's decision on December 21, 2011.[12]

On January 6, 2012, Plaintiff filed an appeal to the EEOC's Office of Federal Operations ("OFO").[13] On June 27, 2013, the OFO issued and mailed its decision affirming the Appellate Review Office's Final Order and informing Plaintiff of his right to file a civil action in the United States District Court within 90 days from the date he received the decision ("right-to-sue letter").[14] The OFO mailed its decision and right-to-sue letter to Plaintiff at the address Plaintiff had originally provided.[15] The OFO's decision contained a certificate of mailing stating that it would presume Plaintiff received the decision within five calendar days of the date it was mailed.[16]

---

[10] Complaint of Discrimination in the Federal Government [Doc. 12-3].
[11] Decision dated Nov. 15, 2011 [Doc. 12-4].
[12] Final Order dated Dec. 21, 2011 [Doc. 12-5].
[13] Notice of Appeal/Petition to the Equal Opportunity Commission Office of Federal Operations [Doc. 12-6].
[14] Decision from United States Equal Employment Opportunity Commission, Office of Federal Operations dated June 27, 2013 [Doc. 12-7].
[15] *Id.* at p. 6.
[16] *Id.*

Plaintiff, however, states he did not receive the June 27, 2013 decision until July 6, 2015, over two years after it was issued, because "[s]hortly after" he filed his appeal on January 6, 2012, "he had a change of address."[17] Plaintiff states the "U.S. Postal Service would have automatically forwarded his mail" but "[b]y the time a decision was made on the appeal . . . the time limit for forwarding mail, set forth in the U.S. Postal Services guidelines, had ended and hence all mail would have been returned to the sender(s)."[18] Plaintiff does not claim he notified the EEOC of his change in address. Instead, Plaintiff states he "never received any information from the Defendants or agency telling him that he had to notify them of any change of address if he moved."[19] However, when Plaintiff initiated his EEOC claim on November 19, 2009, he signed a Notice of Rights and Responsibilities acknowledging his "duty to keep the agency and EEOC informed of [his] current mailing address and serve copies of hearing requests and appeal papers on the agency."[20]

Having received no mail or other correspondence from the EEOC, for the first time on May 5, 2015 (over three years after he filed his appeal), Plaintiff sent an email to the EEOC requesting an update on his case. After several additional emails from

---

[17] Pl Resp. to Motion for Summary Judgment, p. 7 [Doc. 18-1].
[18] *Id.* at 7-8.
[19] *Id.* at 7.
[20] Notice of Rights and Responsibilities, p. 2 [Doc. 25-1].

5

Plaintiff, on July 6, 2015, the EEOC informed Plaintiff that a final decision had been entered in his case two years earlier on June 27, 2013. Having learned of the decision in July, Plaintiff filed his Complaint in this Court on October 5, 2015. Defendant now seeks to dismiss Plaintiff's Complaint as untimely.

## DISCUSSION

To pursue his discrimination claims in this Court, Plaintiff must establish that his Complaint was filed within 90 days of his receipt of the EEOC's right-to-sue letter.[21] The Court determines on a case-by-case basis what constitutes "receipt" for purposes of triggering the 90-day limitations period.[22] In the Eleventh Circuit "the 90-day limitations period is to be analyzed on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond his control."[23] "Receipt is presumed when a complainant is unable to show that [his] failure to receive [a right-to-sue] letter was in no way [his] fault."[24]

---

[21] *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)).
[22] *Mack v. Delta Air Lines, Inc.*, 639 F. App'x 582, 584 (11th Cir. 2016) ; *see also Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1341 (11th Cir. 1999).
[23] *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (citations omitted).
[24] *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).

A plaintiff assumes a minimal responsibility to inquire about late or missing right-to-sue letters and must put forth a minimum amount of effort to resolve his claim in the case.[25] Indeed, a plaintiff bears "the minimal burden of advising the EEOC of address changes or taken other reasonable steps to ensure delivery of notice to his current address."[26]

Here, Plaintiff fails to meet his minimal burden. He neither informed the EEOC of his change in address nor took reasonable steps to inquire into the status of his case. Plaintiff filed his appeal of the Appellate Review Office's Final Order upholding the Administrative Judge's decision on January 6, 2012. At some point after filing his appeal, Plaintiff moved to a new address. Plaintiff, however, did not provide the EEOC with notice of his change in address. Instead, he relied on a forwarding notice he filed with the post office that had expired before the EEOC mailed the notice of right-to-sue letter to the address Plaintiff had originally provided. Reliance on an expired forwarding service, however, is not a reasonable step to ensure delivery of notice at his

---

[25] *Kerr*, 427 F.3d at 953.
[26] *Stallworth*, 936 F.2d at 524 ("[A] plaintiff should not be heard to complain unless the plaintiff has assumed the minimal burden of advising the EEOC of address changes or taken other reasonable steps to ensure delivery of notice to his current address.").

current address and does not satisfy Plaintiff's minimal burden to inform the EEOC of his address change.[27]

Moreover, the EEOC issued its right-to-sue letter on June 27, 2013, and mailed it to Plaintiff's address on file the same day. Plaintiff did not receive the letter. However, Plaintiff did not inquire into the status of his case until May 5, 2015, over <u>three years</u> after Plaintiff filed his notice of appeal. Thus, Plaintiff's failure to receive his right-to-sue letter was at least in part due to his lack of diligence. As a result, Plaintiff is deemed to have received his right-to-sue letter five days after it was issued on June 27, 2013.[28] Because Plaintiff did not file his Complaint until over two years later on October 5, 2015, it is well outside the 90-day time limit.

Plaintiff has asked this Court to equitably toll the 90-day time limit. The Eleventh Circuit has recognized that the 90-day time limit in 42 U.S.C. § 2000e-5(f)(1) is non-jurisdictional and is subject to equitable tolling.[29] The "traditional equitable tolling principles require a claimant to justify h[is] untimely filing by a showing of

---

[27] *See Mack v. Delta Air Lines, Inc.*, 639 F. App'x 582 (11th Cir. 2016 (plaintiff's reliance on an expired mail-forwarding request filed with the post office "failed to satisfy [plaintiff's] minimal burden of ensuring delivery of the right-to-sue notice"); *see also Mack v. Mack*, 2014 WL 12633521, at *4-5 (N.D. Ga. May 14, 2014) (finding plaintiff "had a minimum responsibility in notifying the EEOC of her updated address, as opposed to relying upon an expired forwarding service" and that "[s]uch were not reasonable steps to ensure the delivery of the notice to her actual current address.").

[28] *See id.* (Because plaintiff caused the delay in the actual receipt of her right-to-sue notice, she was held to the date of constructive notice, which was three days following the mailing of the right-to-sue notice).

[29] *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 909-10 (11th Cir. 2012) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)).

extraordinary circumstances."[30] Extraordinary circumstances may include "fraud, misrepresentation, or deliberate concealment."[31] Inadequate notice, the pendency of a motion for appointment of counsel, and affirmative misconduct on the part of a defendant lulling plaintiff into inaction have also been referenced in an equitable tolling of the 90-day limitation analysis.[32] The Eleventh Circuit has cautioned that "[e]quitable tolling 'is an extraordinary remedy which should be extended only sparingly.'"[33]

Equitable tolling is not appropriate here, as Plaintiff has failed to allege the existence of any extraordinary circumstances. Indeed, as explained above, Plaintiff has failed to even satisfy his minimal burden of ensuring receipt of the right-to-sue letter by providing the EEOC with his correct mailing address. Plaintiff has alleged no factor that would justify tolling here, nor has he identified any extraordinary circumstance that barred his ability to timely file his Complaint. Thus, Plaintiff's Complaint is barred as untimely.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [Doc. 27] is **GRANTED**, and Plaintiff's Complaint is hereby DISMISSED as untimely.

---

[30] *Id.* (citing *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)).
[31] *Id.* (citing *Jackson*, 506 F.3d at 1355).
[32] *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).
[33] *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

9

**SO ORDERED,** this 17th day of October, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT